(No. 96-CV-2984)

*In re* APPLICATION OF GLORIA ARROYO

*Order filed October 8, 1996.*

*Opinion on rehearing filed September 2, 1999.*

GLORIA ARROYO, *pro se.*

JIM E. RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on February 23, 1996. The Claimant, Gloria Arroyo, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.* (1992).

This Court has carefully considered the application for benefits submitted on April 9, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That, on February 23, 1996, the Claimant was shot, allegedly, by an offender who was known to her. The

incident occurred at 10318 Indianapolis Boulevard, Chicago, Illinois. When contacted by the investigating police officers, the Claimant advised them that she did not want to press charges against the alleged offender. As a result of these actions, the alleged offender was released from custody and the Chicago Police Department closed its investigation of this matter.

2. That section 6.1(c) of the Act states that a person is entitled to compensation under the Act if the applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That it appears from the police report that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant in that the Claimant advised the investigating police officers that she did not want to prosecute the alleged assailant.

4. That, by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act, she is not eligible for compensation thereunder.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION ON REHEARING

EPSTEIN, J.

This crime victims compensation claim is before the Court on Claimant Gloria Arroyo's application seeking compensation under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) (the Act) for medical and hospital expenses for injuries suffered because of a gunshot

wound inflicted on February 23, 1996. Claimant's application states that she was standing next to her friend, Karen Rodriguez, at a bar when a gun fell from the front of her friend's pants. The gun discharged when it hit the floor and the bullet lodged in the left side of Claimant's left lung.

On October 8, 1996, the Court denied this claim based on the Attorney General's investigatory report. The Court's order included a finding that Claimant advised the investigating police officers that she did not want to press charges against the alleged offender, who was released from custody. The Chicago Police Department closed its investigation of this matter. Our denial of this claim was based on Claimant's failure to comply with the condition of section 6.1(c) of the Act, which requires that applicants fully cooperate in the apprehension and prosecution of the victim-applicant's assailant.

On November 12, 1996, the Claimant filed a request for a rehearing. Her request letter was received more than 30 days after the date of the notice to Claimant transmitting the Court's order denying her application. That is too late under the Act and our rules. The over-30 day late request for rehearing is sufficient grounds for denial of this claim. However, the Court declines to reconsider its prior order on the merits, as the Claimant failed even to allege facts that, if true, would warrant a reconsideration of the Court's prior conclusion.

Claimant's request for rehearing states that, "even if [she] would have pressed charges [she is] sure they would have released her," referring to Claimant's friend or former friend, the assailant. Claimant also asserts that "[s]he had no traces of gun powder on her hands." Claimant's speculations are entitled to no weight and are irrelevant in any event. The issue under the law is her cooperation,

not her unilateral and inexpert opinion as to the likely outcome of a prosecution, which she is not entitled to make, and which—even were we to agree, which we do not—would not be a justification for her non-cooperation under the Act.

In addition—as if there were a need for anything more—Claimant's own argument, insofar as it may hold any water, only goes to show the uncertainty of her assailant having committed, or being charged with, any "crime of violence" as that is defined by section 2(c) of the Act. If the Claimant's unsupported statements were true, then the logical conclusion would be that Claimant suffered her injuries because of an accident, which is not a compensable "crime of violence" under the Act, and so Claimant's application would fail for this reason also.

Claimant testified at a hearing on June 27, 1997. She stated that she did not cooperate with the law enforcement officers because she did not know what had happened and did not see the assailant shoot her. The gun fell from the front of her friend's pants, hit the ground and went off. (Record, 3-4.) Detectives visited her in the hospital and she could not provide them with any information, because she said she did not know what had happened. (Record, 5.) The detectives had her friend in custody, but Claimant declined to press charges. She did not have any contact with the police after her refusal to sign a complaint. (Record, 6.)

Claimant reiterated her contention that pressing charges would have been futile, because her friend did not pull the trigger and she believed the police would not have kept her. (Record, 7.) The Respondent did not cross-examine the Claimant, and offered the police report into evidence. (Respondent's Exhibit No. 1.) The report states that Claimant did not want to prosecute and signed

654

a refusal to prosecute form. (Respondent's Exhibit No. 1, page 5; Record, 9.) Claimant introduced three doctor bills and a letter referencing the hospital bill. (Claimant's Group Exhibit No. 1; Record, 10.)

The Court finds that Claimant has not demonstrated that the April 8, 1996, decision should be reconsidered or reversed.

Wherefore, it is hereby ordered that reconsideration is denied. The order of October 8, 1998, is affirmed and this case is closed.